UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>TONY T. HOLMES<br><br>                    Defendant. | Case No.: 03-cr-1397 -L<br><br>**ORDER DENYING MOTION TO EXPUNGE MISDEMEANOR CONVICTION** |

On July 2, 2019, Defendant Tony T. Holmes filed a Motion to Expunge Misdemeanor Conviction. In support of his Motion, Holmes submitted a letter explaining his request, and provided additional letters from members of the community. [ECF NO 1.] The Government filed a Response in Opposition on October 17, 2019. [ECF NO. 24.] For the following reasons, the Court denies Holmes' request.

Holmes asks this Court to expunge his 2003 conviction for theft of public money and aiding and abetting under 18 U.S.C. § 641 because the "removal of this case will allow for me to further my career and continue to do what I love and that's to teach and mentor." (Mot. at 2). According to Holmes, he served as an active duty member of the United State Marine Corps, deploying to Iraq and Afghanistan after his conviction. (*Id.*) Holmes retired from the Marine Corps in 2014 and has a 90% disability rating with the Veterans Administration (VA). In November 2018, Holmes completed his college

1

degree, after which he became a substitute teacher at a high school. (*Id*.) Holmes has been offered an internship to teach Life Sciences and P.E., and seeks to become a credentialed teacher. (*Id*.)

The Government recognizes Defendant's extraordinary accomplishments and the equities he presents, yet contends that there are no statutes under which expungement of Holmes' conviction is authorized, and that Holmes has not demonstrated that his conviction was unlawful or in error. (Oppo. at 4-5). Therefore, according to the Government, the request must be denied.

A defendant who seeks expungement requests "judicial editing of history." *United States v. Crowell*, 374 F.3d 790, 792 (9th Cir. 2004). "[I]n general when a defendant moves to expunge records, he asks that the court destroy or seal the records of the fact of the defendant's conviction and not the conviction itself." *Crowell*, 374 F3d at 792. Expungement on its own "does not alter the legality of the previous conviction and does not signify that the defendant was innocent of the crime to which he pleaded guilty." *Id*. (quoting *Dickerson*, 460 U.S. 103,121-22 (1983).)

The Ninth Circuit recognizes two sources of authority by which courts may expunge records of a criminal conviction: statutes and the court's inherent authority. *Crowell*, 374 F.3d at 793. Where a statute governs, "Congress has set the conditions by which the courts may expunge records of federal convictions in particular cases." *Id*. at 792. There are no statutes that authorize expungement of convictions for public theft such as Defendant's, therefore this Court may only expunge his conviction under its ancillary jurisdiction.

Federal courts have inherent authority to grant expungements of criminal records in appropriate and extraordinary cases, although this is not a general power granted by Congress. *Id*. at 793. Under that authority, "a district court's ancillary jurisdiction is limited to expunging the record of an unlawful arrest or conviction, or to correcting a clerical error." *United States v. Sumner*, 226 F.3d 1005, 1014 (9th Cir. 2000). District courts do not have the power "to expunge a record of a valid

2

arrest and conviction solely for equitable considerations" because "the expungement of the record of a valid arrest and conviction usurps the powers that the framers of the Constitution allocated to Congress, the Executive, and the states." *Id*.

Holmes contends the expungement will allow him to further develop his career, teach and be a mentor. The Court recognizes and commends Defendant's considerable accomplishments, including his war-time deployments while serving in the Marine Corps, his college degree, and leadership as a substitute teacher and mentor. However, there is no suggestion that Mr. Holmes' conviction was in any way unlawful or invalid, or that there was a clerical error. *See Crowell*, 374 F.3d at 794. This Court does not have the power to expunge Holmes' prior conviction based upon equitable considerations alone. *Id.* Collateral consequences, such as obstacles to pursuing a career, are insufficient to warrant relief. *See Sumner,* 226 F.3d at 1015 (holding that a district court does not have ancillary jurisdiction in a criminal case to expunge an arrest or conviction record where the sole basis alleged by the defendant is that he or she seeks equitable relief such as enhancing employment opportunities); *United States v. Smith*, 940 F.2d 395, (9th Cir. 1991); *United States v. Vasquez*, 74 F. Supp.2d 964, 968 (S.D. Cal. 1999). Though Mr. Holmes' career prospects may be limited by his prior conviction, the Court is unable to expunge his prior conviction for that reason.[1] *See id*.

For the reasons set forth above, the Court **DENIES** without prejudice Defendant's request to expunge his prior conviction.

**IT IS SO ORDERED**

Dated: November 5, 2019

Hon. M. James Lorenz
United States District Judge

---

[1] Nothing in this Order prohibits Holmes from seeking executive clemency from the President of the United States. U.S. Const., Art. II, sec. 2; 28 C.F.R. § 1.6(a); 28 C.F.R. § 1.6(c); *United States v. Dalton*, 2015 WL 8026432 (N.D. Cal. Dec. 7 2015).

3

03-cr-1397 -L